IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LINDSEY N. THAXTON,

                    Plaintiff,

v.                                       Civil Action No.   3:12-cv-7392

A & A EXPRESS, INC., a South Dakota
corporation, and DANIEL M. HOFER,
individually,

                    Defendant.

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:

      Defendants A & A Express, Inc., and Daniel M. Hofer respectfully give notice to this Court of the action commenced against it in the Circuit Court of Cabell County, West Virginia, and, pursuant to 28 U.S.C. § 1446, of the removal of this action to this Court. Defendants A & A Express, Inc. and Daniel M. Hofer deny the allegations contained in the state court pleadings and filed this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.     THE ACTION

      A & A Express, Inc. and Daniel M. Hofer are named as defendants in a suit filed in the Circuit Court of Cabell County, West Virginia, styled *Lindsey N. Thaxton v. A & A Express, Inc., a South Dakota corporation and Daniel M. Hofer, individually*: Civil Action No. 12-C-604. A copy of the state court Summons and Complaint is attached hereto as **Exhibit A** and the state court docket sheet is attached hereto as **Exhibit B**. A copy of the discovery served on the

Defendants with the Complaint is attached hereto as **Exhibit C**. No other documents have been served on the Defendants.

## II. SERVICE

Defendants A & A Express, Inc., and Daniel M. Hofer received the state court Summons and Complaint on October 9, 2012. Removal of this case is timely as this notice is filed within thirty days after service of the Summons and Complaint on Defendants A & A Express, Inc., and Daniel M. Hofer. As of the date of this filing this removal, Defendants A & A Express, Inc., and Daniel M. Hofer are not in default in the state court.

## III. PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 3.4, copies of all pleadings, records, orders, and proceedings, if any, from the Circuit Court of Cabell County, West Virginia, are attached hereto as **Exhibits A, B, and C**. Contemporaneous with the filing of this Notice, Defendants A & A Express, Inc., and Daniel M. Hofer have given written notice to the Plaintiff and have notified the Circuit Court of Cabell County, West Virginia, of this removal.

## IV. STATEMENT OF STATUTORY BASIS FOR JURISDICTION

**A. This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332.**

This action is within the original jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332. That statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This action satisfies both statutory requirements.

**1. The parties are citizens of different states.**

Plaintiff alleges in her complaint that she is a resident of Nitro, West Virginia. (Plaintiff's Complaint ¶ 1(hereinafter "Complaint").) Defendant A & A Express, Inc. is not incorporated in

West Virginia and its principal place of business is not West Virginia. Further, Defendant Daniel M. Hofer is a resident of a state other than West Virginia. Defendant Daniel M. Hofer is a resident of Sioux Falls, South Dakota. Therefore, Plaintiff is a citizen of West Virginia, and Defendants A & A Express, Inc., and Daniel M. Hofer are citizens of a state other than West Virginia.

2. **The amount in controversy exceeds $75,000.**

In her Complaint, Plaintiff seeks compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, and costs. (*See e.g.* Complaint p. 4, "Wherefore" Clause.) While Plaintiff does not specify the total amount of damages that she seeks to recover, it is clear that the amount in controversy exceeds $75,000. The fact that the total amount of damages requested is unspecified is of no consequence to removal because the amount in controversy requirement, as explained below, is satisfied based on the nature of the factual allegations and the remedies sought.

To establish that the amount in controversy exceeds the jurisdictional limit on removal, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the minimum jurisdictional amount. *See e.g. Evans v. CDX Serv. LLC*, 528 F.Supp.2d 599, 605–06 (S.D.W.Va. 2007); *Green v. Metal Sales Manuf. Corp.*, 394 F.Supp.2d 864, 866 (S.D.W.Va. 2005); *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578, 582 (S.D.W.Va. 1999) (applying preponderance standard to actions where amount of damages are unspecified). To satisfy the preponderance standard "the removing party must show that it is 'more likely than not that the amount in controversy exceeds the jurisdiction amount.'" *Weddington*, 59 F.Supp.2d at 583. (finding unspecified monetary damages exceeded jurisdictional limit based on allegations of complaint); *see also McCoy v. Erie Ins. Co.*, 147

F.Supp.2d 481 (S.D.W.Va. 2001) (reversing prior application of legal certainty standard and applying preponderance standard to all removals not just those with unspecified damages).[1]

In determining whether removal is justified, this Court should consider the Complaint, and the:

> [t]ype and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

*Weddington*, 59 F.Supp.2d at 583 (*citing Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D.W.Va. 1997) (internal citations omitted)).

In the present case the Plaintiff seeks compensatory and punitive damages for "lost wages, medical expenses, lost educational expenses/benefits, pain and suffering, physical limitations, diminished capacity to enjoy life, annoyance and inconvenience, and other consequences and damages associated with her injuries as may be specified as this action progresses." (Complaint, ¶ 13). At this time, her medical bills are alleged to be $7,351.91. It is further believed that her lost educational expenses/benefits are approximated at $28,568.00. Additionally, damage to vehicle is approximated at $6,942.66. In summary, the amount in controversy as set forth in Plaintiff's Complaint exceeds the minimum jurisdictional amount, the amount in controversy requirement is satisfied, and diversity of citizenship is complete among the parties.

---

[1] At least four other Circuit Court of Appeals have adopted the preponderance standard. *See e.g. United Food & Comm. Workers Union, Local 9191 v. Centermark Prop. Meridian Square, Inc.*, 30 F.3d 298, 30 (2d Cir. 1994); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-34 (5th Cir. 2001); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290-91 (10th Cir. 2001) (adopting preponderance of the evidence standard as removing party's burden).

In summary, the amount in controversy as set forth in Plaintiff's Complaint exceeds the minimum jurisdictional amount, the amount in controversy requirement is satisfied, and diversity of citizenship is complete among the parties.

WHEREFORE, Defendants A & A Express, Inc., and Daniel M. Hofer respectfully request that this Court assume jurisdiction over this matter and that no further proceedings be held in the Circuit Court of Cabell County, West Virginia.

Dated: November 5, 2012

A & A EXPRESS, INC. AND DANIEL M. HOFER

By _____
Of Counsel

Robert L. Massie, Esquire (WVSBN 5743)
Sarah B. Massey, Esquire (WVSBN 12022)
Nelson Mullins Riley & Scarborough LLP
949 3rd Avenue, Suite 200
Huntington, WV 25719
Phone: (304) 526-3500
Fax: (304) 526-3599

**COUNSEL FOR DEFENDANTS
A & A EXPRESS, INC. AND DANIEL M. HOFER**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LINDSEY N. THAXTON,

          Plaintiff,

v.                                      Civil Action No.

A & A EPRESS, INC., a South Dakota corporation, and DANIEL M. HOFER, individually,

          Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2012, I electronically filed the foregoing "**Notice of Removal**" with the clerk of the court by using CM/ECF system.

Further, notice will be served upon the following via regular U.S. mail service, postage prepaid, at the following address:

    Adell Chandler, Circuit Clerk
    Cabell County Courthouse
    750 5th Avenue, Room 114
    Huntington, WV 25501

    Robert D. Cline, Jr.
    Robert A. Campbell
    R. Chad Duffield
    Jennifer L. Dietz
    FARMER, CLINE, & CAMPBELL, PLLC
    746 Myrtle Road (25314)
    Post Office Box 3842
    Charleston, West Virginia 25338

                                                  Robert L. Massie